## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**JEFFREY VERNON COLEMAN, JR.,**

      **Petitioner,**

**v.**                           **Case No. 1:16cv053-WTH/CAS**

**JULIE L. JONES, Secretary,**
**Florida Department of Corrections,**

      **Respondent.**

                                   **/**

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On February 29, 2016, Petitioner Jeffrey Vernon Coleman, Jr.,

proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254. ECF No. 1. On December 16, 2015, Respondent filed an

answer, with exhibits. ECF No. 23. Petitioner filed a reply on May 22,

2017. ECF No. 32.

The matter was referred to the undersigned United States Magistrate

Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B). After careful consideration

of all issues raised, the undersigned has determined that no evidentiary

hearing is required for disposition of this case. *See* Rule 8(a), R. Gov.

§ 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the

pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## Background and Procedural History

Petitioner Jeffery Vernon Coleman, Jr., was arrested on April 21, 2013, and charged with three counts by information filed in June 2013 in Alachua County Circuit Court case number 2013-CF-1431:   (1) aggravated assault with a deadly weapon, contrary to sections 784.021(1)(a) and 775.087(2)(a)2., Florida Statutes; (2) possession of a firearm by a convicted felon, contrary to sections 790.23(1) and 775.087(2), Florida Statutes; and (3) possession of not more than twenty grams of a controlled substance (cannabis), contrary to sections 893.13(1)(c) and (6)(b), Florida Statutes.   Ex. A at 1-2, 16-17.[1] The State filed notices of intent to seek enhanced penalties as an Habitual Felony Offender (HFO) and Prison Releasee Reoffender (PRR).   *Id.* at 26-27.   Jury selection took place on January 6, 2014, Ex. C at 104-97, and Coleman proceeded to trial on January 7 and 8, 2014, Exs. D, E, and F.   Coleman did not testify.   *See*

_____

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 23.

Case No. 1:16cv053-WTH/CAS

Ex. F at 379-81.   The jury found Coleman guilty of each count, as charged.

Ex. A at 49-50; Ex. F at 468-69, 475-76.   At sentencing on February 25,

2014, the court determined Coleman qualified as an HFO and a PRR.   Ex.

C at 198-217.   The court adjudicated him guilty and sentenced him to 10

years as a PRR on Count 1; 20 years as an HFO on Count 2; and time

served on Count 3, with all sentences to run concurrently.   Ex. A at 58-64;

Ex. C at 215-16.

Petitioner Coleman appealed his judgment and sentence to the First

District Court of Appeal (DCA), assigned case number 1D14-1000.   Ex. A

at 85 (Notice of Appeal); Exs. H (Initial Brief), I (Answer Brief).   On

February 24, 2015, the First DCA per curiam affirmed the case without a

written opinion.   Ex. J; Coleman v. State, 158 So. 3d 565 (Fla. 1st DCA

2015) (table).   The court issued the mandate March 12, 2015.   Ex. J.

On April 22, 2015, Coleman filed a pro se motion for post-conviction

relief in the state trial court, pursuant to Florida Rule of Criminal Procedure

3.850.   Ex. K at 1-19.   He also filed a supplement to the motion, *id.* at 24-

25, and another Rule 3.850 motion, *id.* at 26-41.   By order rendered July

24, 2015, the state post-conviction trial court denied the motions without an

evidentiary hearing.   Ex. K at 57-197.   Coleman filed a motion for

rehearing, *id.* at 188-97, and a supplemental motion for rehearing, *id.* at

198-200, Ex. L at 201-12.   On August 14, 2015, the state court granted

rehearing and rendered an amended order again denying post-conviction

relief without an evidentiary hearing.   Ex. L at 213-343.

Coleman appealed the denial of post-conviction relief to the First

DCA and filed a pro se initial brief, assigned case number 1D15-3953.   Ex.

L at 345-47, Ex. M.   The State did not file an Answer Brief.   Ex. N.   The

First DCA per curiam affirmed the case without a written opinion on

February 2, 2016.   Ex. O; Coleman v. State, 187 So. 3d 1236 (Fla. 1st

DCA 2016) (table).   Coleman filed a motion for rehearing, which the First

DCA denied by order on March 15, 2016.   Ex. P.   The mandate issued

March 31, 2016.   Ex. O.

As indicated above, on February 29, 2016, Coleman filed a § 2254

petition in this Court.   ECF No. 1.   He raises three grounds, including

several sub-claims of ineffective assistance of counsel (IAC):

(1) Trial Court Error:   "Violation of the Due Process Clause
   guaranteed in the Fourteenth Amendment, when the trial
   court fail[ed] to hold a Richardson inquiry where evidence
   was withheld from the defendant prior to trial or plea

negotiations, that also prevented evidence adequate to pursue a 'Frye claim.'" *Id.* at 5.

(2) IAC:   "Denial of Constitutional Effective Assistance of Counsel, when trial counsel fail[ed] to 'investigate' [competency] where Petitioner has previous 'mental history,' [specifically procedure required when the issue raised a bona fide doubt that Petitioner was incompetent]."   *Id.* at 7.

(3) IAC:   "Continued Denial of Constitutionally Effective Assistance of Counsel guarantee[d] in the (Sixth) Amendment by [failing to]:   (1) . . . acquire a[n] independent expert for purpose and procedure to 'cross-examine and challenge['] the State's evidence; (2) object to 'photoshopped' copies of the originals and photographs; (3) object to 'principle instructions' not supported by the record; (4) [a]pply accurate law concerning 'self-serving testimony'; (5) [i]nvestigate, object and consult with Defendant in decision to file Motion to Dismiss; (6) [p]roperly file an 'Adequate Motion for Judgment of Acquittal' in a [timely manner] at the close of the State's case.   *Id.* at 9.

Respondent filed an answer, with exhibits.   ECF No. 23.   Coleman has filed a reply.   ECF No. 32.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.   Section 2254(d) provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person
in custody pursuant to the judgment of a State court shall not
be granted with respect to any claim that was adjudicated on
the merits in State court proceedings unless the adjudication of
the claim –

(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding.

28 U.S.C. § 2254(d).   *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83

(2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).   "This is

a 'difficult to meet' and 'highly deferential standard for evaluating state-

court rulings, which demands that state-court decisions be given the benefit

of the doubt.'"   Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562

U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court

that adjudicated the claim on the merits."   *Id.*

For claims of ineffective assistance of counsel (IAC), the United

States Supreme Court has adopted a two-part test:

First, the defendant must show that counsel's performance was
deficient.   This requires showing that counsel made errors so

serious that counsel was not functioning as the "counsel"
guaranteed the defendant by the Sixth Amendment.   Second,
the defendant must show that the deficient performance
prejudiced the defense.   This requires showing that counsel's
errors were so serious as to deprive the defendant of a fair trial,
a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).   To demonstrate

ineffectiveness, a "defendant must show that counsel's performance fell

below an objective standard of reasonableness."   *Id.* at 688.   To

demonstrate prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."   *Id.* at 694.   "A reasonable

probability is a probability sufficient to undermine confidence in the

outcome."   *Id.*   For this Court's purposes, importantly, "[t]he question 'is

not whether a federal court believes the state court's determination' under

the Strickland standard 'was incorrect but whether that determination was

unreasonable – a substantially higher threshold.'"   Knowles v. Mirzayance,

556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473

(2007)).   "And, because the Strickland standard is a general standard, a

state court has even more latitude to reasonably determine that a

defendant has not satisfied that standard."   *Id.*   It is a "doubly deferential

judicial review that applies to a Strickland claim evaluated under the

§ 2254(d)(1) standard." *Id.*

### Ground 1:   Trial Court Error – No Richardson Hearing

In his first ground, Petitioner Coleman argues the state trial court erred by not holding a hearing under Richardson v. State, 246 So. 2d 771 (Fla. 1971), "where evidence was withheld from the defendant prior to trial or plea negotiations, that also prevented evidence adequate to pursue a 'Frye claim,'" pursuant to Frye v. United States, 293 F. 1013 (D.C. Cir. 1923), resulting in a violation of due process guaranteed under the Fourteenth Amendment.   ECF No. 1 at 5.   Coleman indicates he raised this ground as the first point in his direct appeal.   *Id.* at 6.   The record reflects that, in the Initial Brief on direct appeal, the first point alleged: "The trial court erred by failing to conduct a Richardson hearing after defense counsel complained that the State failed to disclose that photo exhibits had been 'Photoshopped.'"   Ex. H at i, 18.

As Respondent points out, however, the argument raised in Coleman's direct appeal asserted error only as a matter of state law and did not raise a federal issue or cite federal law.   ECF No. 23 at 20; *see* Ex. H at 18-22.   Accordingly, Coleman has not exhausted his claim that the state court's failure to hold a Richardson hearing constituted a violation of

his right to due process under the Fourteenth Amendment.   This claim is procedurally defaulted because Coleman cannot return to state court to exhaust it.   Coleman has not shown cause or prejudice.

Moreover, as Respondent also points out, alleged error in the state trial court not conducting a Richardson hearing constitutes a state law issue and is not a cognizable basis for relief in federal habeas.   "[F]ederal habeas corpus relief does not lie for errors of state law."   Lewis v. Jeffers, 497 U.S. 764, 780 (1990); *see* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief). Further, as the State asserted in its answer brief in the direct appeal, the trial court found no discovery violation and, thus, no Richardson hearing was required.   *See* Ex. I at 8; Matheson v. State, 500 So. 2d 1341, 1342-43 (Fla. 1987).   Additionally, of note, the state post-conviction court found, in denying an IAC claim related to the "photoshopped" photographs and video, *see infra*, "there was sufficient testimony during the trial for the jury to find that Defendant possessed a firearm beyond the photo and video evidence."   Ex. L at 217.

Based on the foregoing, this ground should be denied.

<u>**Ground 2:**</u>   **IAC – Failure to Investigate Coleman's Competency**

In his second ground, Petitioner Coleman asserts his attorney provided ineffective assistance by "fail[ing] to 'investigate' [competency] where Petitioner has previous 'mental history,' [specifically procedure required when the issue raised a bona fide doubt that Petitioner was incompetent]."   *Id.* at 7.   As Respondent indicates, Petitioner presented a substantially similar claim as the fifth ground in his Rule 3.850 motion. ECF No. 23 at 27; *see* Ex. K at 9-11, 24, 33-35.   The state post-conviction court denied the claim, making the following findings:

As to Ground Five, Defendant alleges that trial counsel was ineffective for failing "to investigate competency where Defendant has previous mental history."   "Conclusory allegations of incompetency are not enough to warrant an evidentiary hearing [because] 'not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.'"   <u>Thompson v. State</u>, 88 So. 3d 312, 319 (Fla. 4th DCA 2012) (quoting <u>Card v. Singletary</u>, 981 F.2d 481, 487-88 (11th Cir. 1992)).   "Neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial."   *Id.* (quoting <u>Medina v. Singletary</u>, 59 F.3d 1095, 1107 (11th Cir. 1995)).   "In order to establish prejudice in a properly raised ineffective assistance of counsel claim, the postconviction movant must, as with a substantive incompetency claim, set forth clear and convincing circumstances that create a real, substantial and legitimate doubt as to the movant's competency."   *Id.* at 319-20; *see also* <u>Luckey v. State</u>, 979 So. 2d 353, 354 (Fla. 5th DCA 2008) (holding that ineffective

assistance of counsel claim was insufficient where defendant had not alleged actual incompetency); *see also* Gillis v. State, 807 So. 2d 204 (Fla. 5th DCA 2002); Baker v. State, 404 So. 2d 1151 (Fla. 5th DCA 1981) (recognizing that conclusory and uncorroborated postconviction claims alleging incompetency were insufficient to warrant an evidentiary hearing)).   Here, the record reflects that Defendant filed a handwritten motion to reduce his sentence shortly after his trial.   *See* Motion for Mitigation of Sentence.   In the motion, Defendant alleges that he understood the plea offers made by the State and discussed them with counsel.   There is no indication in that motion that Defendant did not understand what had occurred during the course of his trial.   In addition, most of the factual allegations contained in Defendant's motion are inconsistent with what he stated to the investigator who conducted the presentence investigation.   *See* Presentence Investigation at 2 ("[Defendant] wishes not to go to prison so he can maintain his job and continue to spend time with his children."), 6 ("Occupation:   Landscaping/Cleaning . . . The defendant work[ed] with E.W. Reshard after being released from prison until he was arrested on 04/21/13."), 7 ("The defendant states he was diagnosed with ADHD as a child and Bi-Polar Disorder as an adult."), 8 ("Defendant's Plan . . . Employment:   The defendant will continue to work for EW Reshard as a landscaper/cleaner.").   There is nothing in the history which he provided; the history which his family provided; his criminal history; or, the Court's records which indicates that Defendant has ever been Baker Acted, diagnosed as schizophrenic, diagnosed as having a mental disability, or illiterate.   Because Defendant fails to set forth clear and convincing circumstances that create a real, substantial and legitimate doubt as to his competence at the time of his plea, counsel did not err by failing to raise his competency as an issue at trial.   Accordingly, the claim raised is without merit.

Ex. L at 218-20.   Coleman appealed and filed a pro se brief which included

a point challenging the denial of this claim.   Ex. M at 15-18.   The First

DCA affirmed the case without a written opinion.   Ex. O.   This constitutes a ruling on the merits and is entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 98-100 (2011).

The state court record supports the post-conviction court's findings. In particular, shortly after his trial, Coleman filed a handwritten pro se motion to reduce his sentence.   *See* Ex. L at 250-52 (Motion for Mitigation of Sentence).   As the state court found, in the motion, Coleman indicated he understood the plea offers made by the State and had discussed them with counsel.   *See id*.   Further, as the state court found, nothing in the motion indicates Coleman did not understand what had occurred during his trial.   *See id*.   And, as the state court found, most of Coleman's factual allegations are inconsistent with what he told the investigator who conducted the presentence investigation.   *See* Ex. B (filed under seal). Finally, as the state court determined, nothing in the state court record indicates Coleman is illiterate, had ever been Baker Acted, or had been diagnosed as having schizophrenia or a mental disability suggesting incompetence.

Petitioner Coleman has not shown the state court's rejection of this ground was either (1) contrary to, or involved an unreasonable application

of, clearly established U.S. Supreme Court precedent, or (2) based on an

unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.    *See* 28 U.S.C. § 2254(d)(1)-(2).    This

ground should be denied.

### <u>Ground 3</u>:   IAC – Multiple Instances

In his third ground, Petitioner Coleman alleges his trial attorney

provided ineffective assistance by failing to:

> (1) . . . acquire a[n] independent expert for purpose and
> procedure to 'cross-examine and challenge['] the State's
> evidence;
>
> (2) object to 'photoshopped' copies of the originals and
> photographs;
>
> (3) object to 'principle instructions' not supported by the record;
>
> (4) [a]pply accurate law concerning 'self-serving testimony';
>
> (5) [i]nvestigate, object and consult with Defendant in decision
> to file Motion to Dismiss;
>
> (6) [p]roperly file an 'Adequate Motion for Judgment of Acquittal'
> in a [timely manner] at the close of the State's case.

ECF No. 1 at 9.   Each claim is addressed below.

### IAC – Failure to Hire an Expert to Challenge State's Evidence

In this claim, Petitioner Coleman asserts defense counsel should

have hired an independent expert to challenge the State's "photoshopped"

evidence and give trial testimony to counter the State's expert concerning

this evidence.   Coleman raised this claim in state court as the first ground

in his Rule 3.850 motion.   Ex. K at 3-4, 27-29.   The state post-conviction

court denied the claim, making the following findings:

> As to Ground One, Defendant alleges that trial counsel was
> ineffective for failing "to acquire an independent expert to
> counter the State's expert."   During the trial, the State
> introduced a redacted copy of surveillance video from the
> convenience store where the charged offenses originated, as
> well as enhanced images from the video.   *See* Trial Transcript
> at 28 (lines 8-25) – 29 (lines 1-14), 348 (lines 1-25) – 377 (lines
> 1-24).   The State also called the expert who created the
> enhanced images as a witness.   *Id.* at 348 (lines 1-25) – 377
> (lines 1-24).   The witness testified that the Gainesville Police
> Department asked him to enhance the portion of the original
> video showing "a subject . . . carrying what appear[s] to be a
> weapon in his hand."   *Id.* at 365 (line 21-25 – 366 (lines 1-21),
> 373 (lines 13-19).   According to the expert, the enhanced
> images "fairly and accurately depict the footage that was
> originally on the video."   *Id.* at 372 (lines 16-18).   The witness
> also specifically noted that he did not add anything to the
> images.   *Id.* at 377 (lines 21-24).
>
> Defendant contends that had counsel retained an expert,
> the expert could have determined whether the State's
> enhanced photos "were possibly altered, either intentionally or
> negligently, to 'create' or 'falsify' the image of something in
> [Defendant's] hand, even if that something was not entirely
> discernable."   However, this claim is based on nothing more
> than speculation and conjecture.
>
> This Court additionally notes that the jury heard testimony
> indicating that the images were enhanced, as well as how they
> were enhanced.   The jury was also able to compare the

enhanced photos with the original video from which they were taken, as well as with the testimony of the eyewitnesses who indicated that Defendant possessed a firearm. *Id.* at 44 (lines 22-25) – 46 (lines 1-25), 63 (lines 3-25) – 64 (lines 11), 91 (lines 12-13), 147 (lines 3-25) – 148 (lines 1-9), 155 (lines 8-25). Thus, even if counsel did err by failing to call an expert to opine on the video and the enhanced photos, there is no indication that this omission prejudiced Defendant due to the other inculpatory evidence in the case. For this reason, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

Ex. L at 216-17. Coleman appealed and, in his pro se brief, included a point challenging the denial of this claim. Ex. M at 4-6. The First DCA affirmed the case without a written opinion. Ex. O. This constitutes a ruling on the merits and is entitled to AEDPA deference. *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's findings regarding the surveillance video and the State's expert who enhanced the images from the video. *See* Ex. D at 26-29 (trial testimony of Amanda Holmes, an employee of Kangaroo Express, that store had surveillance equipment including cameras that cover store's parking lot area and record video as part of regular business activity, including recording of video surveillance from events giving rise to charges in this case); Ex. F at 347-77 (trial testimony of Robert Yao, a crime laboratory analyst, who

performed forensic video enhancement of surveillance video in this case).

The record further supports the court's findings that the jury heard

testimony regarding how the images were enhanced and the jury could

compare the enhanced images to the original images.   *See* Ex. F at 347-

77.   The jury also heard testimony from eyewitnesses that Coleman

possessed a firearm.   *See* Ex. D at 44-46 (trial testimony of Jeffrey

Williams on direct identifying Coleman as the person that confronted his

group and Coleman had a gun in his hand), 63-64 (testimony of Williams

on cross that Coleman pulled out a handgun), 91 (trial testimony of Jennifer

Brown on direct that she saw Coleman with a gun); Ex. E at 147-48 (trial

testimony of James Boston that Coleman pulled out a gun from the

waistband of his pants), 155-56 (testimony of Boston that Coleman flashed

the gun at Brown).   Accordingly, the state court concluded Coleman had

not shown deficient performance by counsel or, even assuming such

deficiency, prejudice resulting therefrom.

Petitioner Coleman has not shown the state court's rejection of this

ground was either (1) contrary to, or involved an unreasonable application

of, clearly established U.S. Supreme Court precedent, or (2) based on an

unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This

ground should be denied.

### IAC – Failure to Object to "Photoshopped" Copies

In this claim, Petitioner Coleman asserts his trial counsel provided

ineffective assistance by failing to object to the admission of

"photoshopped" copies of the original surveillance video and photographs

during the trial.   ECF No. 1 at 9.   Coleman raised this claim as the second

ground in his Rule 3.850 motion.   Ex. K at 4-5, 29-30.   The state post-

conviction court denied the claim, making the following findings:

> As to Ground Two, Defendant alleges that trial counsel
> was ineffective for failing "to object to 'photoshopped' copies of
> the original video and still photographs."   The record reflects
> that counsel did object to the enhanced video and photos.   *Id.*
> at 353 (lines 4-15) – 360 (lines 1-25), 363 (lines 12-13).   As the
> trial court noted, the enhanced video and photos were
> admissible into evidence once the State laid the proper
> foundation.   The defense's issue with the enhanced video and
> photos reliability went to the evidence's weight, not its
> admissibility.   Furthermore, as noted [previously], there was
> sufficient testimony during the trial for the jury to find that
> Defendant possessed a firearm beyond the photo and video
> evidence.   For this reason, Defendant fails to show either error
> by counsel or prejudice.   Accordingly, the claim raised is
> without merit.

Ex. L at 217.   Coleman appealed and, in his pro se brief, included a point

challenging the denial of this claim.   Ex. M at 7-8.   The First DCA affirmed

the case without a written opinion.   Ex. O.   This constitutes a ruling on the

merits and is entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d);

Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's finding

that defense counsel objected to the admission of the enhanced video and

photos.   Ex. F at 353-60.   As the court indicated, the trial court found the

evidence admissible.   *Id.* at 360, 363.   As the court also indicated, and as

explained above, eyewitnesses testified at trial that Coleman possessed a

firearm.   *See* Ex. D at 44-46, 63-64, 91; Ex. E at 147-48, 155-56.   The

state court thus concluded Coleman had not shown deficient performance

or prejudice.

Petitioner Coleman has not shown the state court's rejection of this

ground was either (1) contrary to, or involved an unreasonable application

of, clearly established U.S. Supreme Court precedent, or (2) based on an

unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This

ground should be denied.

### IAC – Failure to Object to "Principle Instructions"

In this claim, Petitioner Coleman asserts his trial counsel provided

ineffective assistance by not objecting to the jury being instructed on the

law of principals where no evidence supported this instruction.   ECF No. 1

at 9.   Coleman raised this claim in the fourth ground of his Rule 3.850

motion.   Ex. K at 7-9, 32-33.   The state post-conviction court denied the

claim, making the following findings:

> As to Ground Four, Defendant alleges that trial counsel
> was ineffective for failing "to object to 'principal' instructions
> which was not supported by the evidence."   First, given the fact
> that the jury specifically found Defendant "actually possessed"
> the firearm during both the Aggravated Assault and Possession
> of a Firearm by a Convicted Felon charges, the issue relating to
> the "principal" instruction is moot.   Second, there was sufficient
> evidence at trial to support giving the instruction because State
> witness James Boston was present with Defendant when the
> offense occurred; and, his (Boston's) DNA was on the firearm.
> *See* Trial Transcript at 143 (lines 2-6), 147 (lines 3-25) – 148
> (lines 1-23), 155 (lines 5-25), 158 (lines 2-15), 160 (lines 3-22),
> 162 (lines 6-23), 176 (lines 1-14), 183 (lines 2-25) – 184 (lines
> 1-19).   For these reasons, counsel did not err by failing to
> object to the "principal" jury instruction.   In addition, Defendant
> fails to show prejudice because there was sufficient evidence
> presented at trial to prove, and the jury found, that Defendant
> committed the charged offenses himself.   *Id.* at 44 (lines 22-25)
> – 46 (lines 1-25), 63 (lines 3-25) – 64 (lines 11), 91 (lines 12-
> 13), 147 (lines 3-25) – 148 (lines 1-9), 155 (lines 8-25).
> Accordingly, the claim raised is without merit.

Ex. L at 218.   Coleman appealed and, in his pro se brief, included a point

challenging the denial of this claim.   Ex. M at 11-15.   The First DCA

affirmed the case without a written opinion.   Ex. O.   This constitutes a

ruling on the merits and is entitled to AEDPA deference.    *See* 28 U.S.C.

§ 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's findings

that sufficient evidence was presented at trial that James Boston was

present when the offense occurred, Boston had also handled the gun, and

Boston's DNA was found on the gun.    *See* Ex. E at 143, 147-48, 155, 158-

60, 162, 176, 183-84.    Thus, the evidence presented at trial supported

giving the principal instruction.    Indeed, such instruction was consistent

with the defense theory that Boston committed the aggravated assault.

See Ex. F at 424-29 (defense closing argument).    Moreover, as the court

explained, the jury specifically found Coleman "actually possessed" the

firearm.    Ex. A at 49-50; Ex. F at 468-69, 475-76.    The court therefore

concluded Coleman had not shown deficient performance by counsel in

failing to object to the instruction and, further, he had not shown any

prejudice given the evidence and testimony, and findings by the jury,

reflecting that Coleman himself committed the offenses.

Petitioner Coleman has not shown the state court's rejection of this

ground was either (1) contrary to, or involved an unreasonable application

of, clearly established U.S. Supreme Court precedent, or (2) based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

## IAC – Failure to Understand "Self-Serving Testimony"

In this claim, Petitioner Coleman asserts his trial counsel provided ineffective assistance by not understanding the law concerning self-serving testimony.   ECF No. 1 at 9.   Coleman raised this claim in the sixth ground of his Rule 3.850 motion.   Ex. K at 11-12, 35-36.   The state post-conviction court denied the claim, making the following findings:

> As to Ground Six, Defendant alleges that trial counsel was ineffective for failing "to understand law concerning self serving testimony."   During the trial, counsel solicited self-serving hearsay from one of the investigating officers when he asked, "Isn't it true he [Defendant] also told you he never had a firearm? . . . And it's also true he told you he never handled that firearm?"   *See* Trial Transcript at 258 (lines 4-9).   Based on these questions, the State moved to introduce evidence that Defendant is a three-time convicted felon, which resulted in a stipulation being read to the jury.   *Id.* at 263 (lines 18-25) – 277 (lines 1-4); Stipulations.   Defendant argues that counsel's questions opened the door for the State to impeach his credibility.
>
> Defendant is correct that counsel erred.   There was no strategic purpose in asking those questions given the ample eyewitness testimony that he possessed the firearm, as well as the fact that a firearm was found in his vehicle.   However, even though it was error for counsel to open the door to impeachment with Defendant's felony convictions, Defendant

fails to show prejudice because the evidence in the case was
overwhelming that he possessed a firearm and committed the
offense of Aggravated Assault.   *Id.* at 44 (lines 22-25) – 46
(lines 1-25), 63 (lines 3-25) – 64 (lines 11), 91 (lines 12-13),
147 (lines 3-25) – 148 (lines 1-9), 155 (lines 8-25).   There is
not a reasonable probability that the jury would have acquitted
him on either of those charges based solely on the fact that he
is a three-time convicted felon.   Accordingly, the claim raised is
without merit.

Ex. L at 220-21.   Coleman appealed and, in his pro se brief, included a

point challenging the denial of this claim.   Ex. M at 19-21.   The First DCA

affirmed the case without a written opinion.   Ex. O.   This constitutes a

ruling on the merits and is entitled to AEDPA deference.   *See* 28 U.S.C.

§ 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's findings

that, assuming defense counsel erred in eliciting the testimony from the

investigating officer concerning Coleman's statement that he told the officer

he never had a firearm, Coleman did not show prejudice resulting

therefrom given the substantial evidence in the case that he possessed a

firearm and committed the aggravated assault, as explained *supra.   See*

Ex. D at 44-46, 63-64, 91; Ex. E at 147-48, 155-56.   Accordingly, Petitioner

Coleman has not shown the state court's rejection of this ground was either

(1) contrary to, or involved an unreasonable application of, clearly

established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

## IAC – Motion to Dismiss

In this claim, Petitioner Coleman asserts his trial counsel provided ineffective assistance by not consulting with him and investigating the filing of a motion to dismiss the charging information as not being based on the sworn testimony of a material witness, as required by the Florida Rules of Criminal Procedure.   ECF No. 1 at 9.   Coleman raised this claim as the seventh ground in his Rule 3.850 motion.   Ex. K at 13-14, 37-38.   The state post-conviction court denied the claim, making the following findings:

> As to Ground Seven, Defendant alleges that trial counsel was ineffective for failing "to investigate, object, and consult with Defendant about filing motion to dismiss."   According to Defendant, "the State's Information is invalid because it was not based upon sworn testimony from a material witness prior to its filing and execution in violation of Fla. R. Crim. P. 3.140."
>
> The claim raised is not cognizable in a rule 3.850 motion.  *See* Logan v. State, 1 So. 3d 1253, 1254-55 (Fla. 4th DCA 2009) ("The prosecutor's alleged failure to have received sworn testimony from witnesses before filing the information in this case is wholly speculative and cannot be raised once a defendant has entered a plea to the merits of the charge.  Such a claim is not grounds for postconviction relief.").   Even if

it were, the claim raised is without merit because Defendant is challenging the sufficiency of the material witness's sworn statement, not its existence.

Ex. L at 221.   Coleman appealed and, in his pro se brief, included a point challenging the court's failure to allow him to amend this claim.   Ex. M at 21-22.   The First DCA affirmed the case without a written opinion.   Ex. O. This constitutes a ruling on the merits and is entitled to AEDPA deference. *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state post-conviction court found this claim not cognizable in a Rule 3.850 proceeding.   This finding thus constitutes an independent and adequate state ground that precludes federal habeas consideration of the issue.   *See, e.g.*, LeCroy v. Sec'y, Fla. Dep't of Corr., 421 F.3d at 1237, 1260 (11th Cir. 2005).

Moreover, to the extent Coleman asserts the state court erred in any decision concerning the Florida rule, "federal habeas corpus relief does not lie for errors of state law."   Lewis, 497 U.S. at 780; *see* Estelle, 502 U.S. at 67-68.   "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."   Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); *accord, e.g.*, McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir.

1992).   *See also, e.g.*, <u>Heath v. Jones</u>, 863 F.2d 815, 821 (11th Cir. 1989)

("The sufficiency of a state indictment is an issue on federal habeas corpus

only if the indictment was so deficient that the convicting court was

deprived of jurisdiction.   That is not the case presented here.   An

examination of the indictment . . . shows that it incorporated the elements

of the offense of armed robbery, named the complaining witness and

sufficiently described the circumstances of the alleged robbery.   The

indictment was not fatally defective, for it adequately informed Heath of the

charge he was called upon to defend, and the state trial court was not

deprived of jurisdiction.").

Based on the foregoing, this ground should be denied.

## IAC – JOA

In this claim, Petitioner Coleman asserts his trial counsel provided

ineffective assistance by not adequately moving for a judgment of acquittal

(JOA).   ECF No. 1 at 9.   Coleman raised this claim as the third ground in

his Rule 3.850 motion.   Ex. K at 6-7, 30-31.   The state post-conviction

court denied the claim, making the following findings:

> As to Ground Three, Defendant alleges that trial counsel
> was ineffective for failing "to file an adequate motion for
> judgment of acquittal at the close of the State's case."
> Defendant is essentially challenging the sufficiency of the

evidence supporting his conviction.   A defendant cannot challenge the sufficiency of the evidence underlying his conviction through a rule 3.850 motion, especially where there has been a direct appeal.   Betts v. State, 792 So. 2d 589, 590 (Fla. 1st DCA 2001); *see also* Johnson v. State, 593 So. 2d 206, 208 (Fla. 1992) ("[i]ssues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack").   Motions filed under rule 3.850 "cannot be utilized for a second appeal." Jones v. State, 446 So. 2d 1059, 1061-62 (Fla. 1984).   Accordingly, the claim raised is without merit.

Ex. L at 217-18.   Coleman appealed and, in his pro se brief, included a point challenging the court's denial of this claim as procedurally barred. Ex. M at 9-11.   The First DCA affirmed the case without a written opinion. Ex. O.   This constitutes a ruling on the merits and is entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state post-conviction court denied this claim on an independent and adequate state ground.   Accordingly, it is barred from consideration in federal habeas.   *See, e.g.*, Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990) (concluding that state appellate court's "per curiam affirmance of the trial court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts").

## Conclusion

Based on the foregoing, Petitioner Jeffrey Vernon Coleman, Jr., is not entitled to federal habeas relief.   The § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   The parties shall make any argument as to

whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.   *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 24, 2017.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may**

**<u>appear on the electronic docket is for the Court's internal use only</u> <u>and does not control</u>.    If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.    *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**