IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY VERNON COLEMAN, JR.,

    Petitioner,

v.                                                                   CASE NO. 1:16-cv-00053-WTH-CAS

JULIE L. JONES, SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated October 24, 2017. (ECF. No. 35). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed an Objection at ECF No. 38. This Court has made a de novo review based on that Objection.

Having considered the Report and Recommendation, and the timely filed objection, this Court has determined that the Report and Recommendation should be adopted. Petitioner asserted three grounds, and several sub-grounds, for habeas corpus relief:

    (1) Trial Court Error: "Violation of the Due Process Clause guaranteed in the Fourteenth Amendment, when the trial court failed to hold a *Richardson* inquiry where evidence was withheld from the defendant prior to trial or plea negotiations, that also prevented evidence adequate to pursue a 'Frye Claim.'" (ECF. No. 1 at 5).

    (2) Ineffective Assistance of Counsel: "Denial of Constitutional Effective Assistance of Counsel, when trial counsel failed to 'investigate' competency where petitioner has previous 'mental history,' [specifically procedure required when the issue raised a bona fide doubt that petitioner was incompetent." *Id*. at 7.

(3) Ineffective Assistance of Counsel: "Continued Denial of Constitutionally Effective Assistance of Counsel guaranteed in the Sixth Amendment by failing to: (1) acquire an independent expert for the purpose and procedure to 'cross-examine and challenge' the State's evidence; (2) object to 'photoshopped' copies of the originals and photographs; (3) object to principal instructions not supported by the record; (4) apply accurate law concerning 'self-serving testimony'; (5) investigate, object and consult with petitioner in decision to file Motion to Dismiss; (6) properly file an 'Adequate Motion for Judgment of Acquittal' in a timely manner at the close of the State's case." *Id*. at 9.

The Court agrees with the Magistrate Judge and finds that petitioner's First Ground is procedurally defaulted, and thus barred from habeas corpus review. Further, the Court finds that Grounds Two and Three should be denied as the state's adjudication on the merits of these claims did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d).

Turning to petitioner's First Ground – that the trial court erred when it failed to hold a *Richardson* hearing[1] – the Court finds that this claim is not eligible for habeas corpus review. First, petitioner failed to present this claim as a question of federal law. In petitioner's motions for post-conviction relief – with respect to Ground One – petitioner never cites to any federal cases or Constitutional Amendments. ECF No. 23-4 at 63; ECF No. 23-5 at 270-72. The necessary exhaustion of remedies requires that prisoners give the state a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Accordingly, the Court finds

---

[1] See *Richardson v. State*, 246 So. 2d 771 (Fla. 1971) (A *Richardson* hearing is a hearing to conduct an inquiry into the surrounding facts and circumstances of an alleged discovery violation).

that petitioner never provided the state with a "full and fair opportunity" to consider Ground One as a federal constitutional claim, and it is therefore procedurally barred from habeas corpus review. Second, the alleged error in the state trial court by not conducting a *Richardson* hearing constitutes a state law issue and is not a cognizable basis for relief in federal habeas proceedings. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief). Finally, the trial court found no discovery violation in any event; therefore, no *Richardson* hearing was required. *See* ECF No. 23-4 at 94; *Matheson v. State*, 500 So. 2d 1341, 1342-43 (Fla. 1987). Ground One is denied.

With respect to petitioner's Second and Third Grounds, petitioner is only entitled to habeas corpus relief if the adjudication of his claims (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). *See, e.g. Cullen v. Pinholster*, 563 U.S. 170, 180-83 (2011); *Gill v. Mecusker*, 633 F.3d 1272, 1287-88 (11th Cir. 2011). Further, for claims of ineffective assistance of counsel, the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, (1984). For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard was 'incorrect but whether that determination was unreasonable – a substantially higher

threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550, U.S. 465, 473 (2007)).

Petitioner's Second Ground – that he was denied his Constitutional right to effective assistance of counsel because his trial counsel failed to investigate [petitioner's] competency when petitioner allegedly had previous "mental history" – the Court agrees with the Magistrate Judge that the decision of petitioner's counsel not to investigate his competency was not unreasonable because nothing in the state court record indicates petitioner was incompetent to assist in his own defense. To the contrary, petitioner did assist in his own defense. Petitioner made the conscious and informed decision to permit a stipulation to be read to the jury, ECF No. 23-2 at 174-75; petitioner indicated he understood the plea offers made by the state, and discussed them with his trial counsel, s*ee* Pet's Mot. For Mit. Sent., ECF No. 23-5 at 163-65; petitioner filed a handwritten pro se motion to reduce his sentence. *See id.* Finally, nothing in the state record indicates petitioner is illiterate, had ever been Baker Acted,[2] or had been diagnosed as having schizophrenia or a mental disability suggesting incompetence. Moreover, under Florida law, "neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial". *Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995). Accordingly, petitioner has failed to show that the state court's rejection of Ground Two either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Ground Two is denied.

---

[2] The Baker Act is a Florida statutory procedure permitting qualified mental health care providers to involuntarily detain individuals whom they certify to be a danger to themselves or others.

As to petitioner's Third Ground, and Sub-claims, the Court once again agrees with the Magistrate Judge, and finds that the state court's findings were not unreasonable. With regard to Sub-Claim One – that trial counsel was ineffective for failing to acquire an independent expert to facilitate the cross-examination and a challenge of the state's "photoshopped" evidence – the Court finds that the state court findings were not unreasonable. Generally, "counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The Eleventh Circuit has upheld an attorney's tactical decision not to call an expert under similar circumstances. In *Williams v. Kemp*, 846 F.2d 1276 (11th Cir. 1988), the defendant admitted being present at the time of a murder. The state presented expert testimony about blood on the defendant's boot. The defendant presented no expert testimony to the contrary. The defendant later asserted that this constituted ineffective assistance. The Eleventh Circuit rejected the claim, concluding that the "decision not to call a defense expert to challenge the blood stain on Williams' boot was a deliberate tactical decision." *Id.* at 1280-81. Therefore, in the present case, the state court's finding – that petitioner's trial counsel was not ineffective because of his decision to not acquire an independent expert to 'cross-examine and challenge' the state's evidence – was not unreasonable. *See* 28 U.S.C. § 2254(d). Additionally, petitioner is not prejudiced by the state court's rejection of this Sub-Claim as the state court's record supports the findings regarding the surveillance video and the state's expert who enhanced the images from the video: (1) there was store surveillance video capturing events in this case; (2) there was substantial testimony, and substantial cross-examination regarding how the images were enhanced; (3) the jury compared the original images with the enhanced images; (4) there was testimony from multiple eyewitnesses that petitioner possessed a firearm. Petitioner's

speculation that some unidentified expert may have given opinions weakening the state's evidence is insufficient to establish prejudice. Accordingly, petitioner has failed to show that the state court's rejection of this ground was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). This Sub-Claim is denied.

With regard to Sub-Claim Two – that trial counsel was ineffective for failing to "object to 'photoshopped' copies of the originals and photographs" – the Court finds that the state court findings were not unreasonable. First, this Sub-Claim simply wrong; petitioner's counsel did object to the "photoshopped" copies of the videos and photographs. *See* ECF No. 23-2 at 256-63. Therefore, the state court's finding that petitioner's counsel was effective, was neither (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Moreover, as previously noted there was sufficient independent corroborating evidence that petitioner possessed a firearm such that petitioner was not prejudiced by this decision. Accordingly, this Sub-Claim is denied

With regard to Sub-Claim Three – that trial counsel was ineffective for failing to "object to principal instructions not supported by the record" – the Court finds that the state court's findings were not unreasonable. First, the jury specifically found that petitioner "actually possessed" the firearm. That rendered the disputed instruction moot. Second, the state court's decision that petitioner's trial counsel was effective was not unreasonable because there was

sufficient evidence to warrant the "principal instruction" had the jury considered it: (1) petitioner's theory itself rested on James Boston possessing the firearm; (2) testimony from Boston that petitioner pulled a gun out of his waistband; (3) evidence of Boston's DNA on the gun; (4) eyewitness testimony that Boston and petitioner were together at the time of the incident; and (5) testimony from Boston that petitioner was the person driving the car, chasing after the victims. As such, the "principal instruction" was appropriate, even though it was moot. Therefore, the state court's finding that petitioner's counsel was not ineffective for deciding to not object to the principal instruction was not unreasonable, nor was petitioner prejudiced in any way. Accordingly, this Sub-Claim is denied.

With regard to Sub-Claim Four – that petitioner's counsel was ineffective for failing to "apply accurate law concerning 'self-serving testimony'" – the Court agrees with the Magistrate Judge and the state post-conviction court that petitioner's counsel erred by needlessly opening the door for the state to impeach the petitioner's statements by evidence that he was a previously convicted felon; however, petitioner was not prejudiced by this testimony. As the Magistrate Judge has pointed out, there is substantial evidence in the case that petitioner possessed a firearm, and the state court's ruling on the claim is a reasonable determination of the facts considering the evidence presented. There is no reasonable probability that the jury would have acquitted petitioner of these charges if evidence of his prior convictions had not been introduced; accordingly, petitioner cannot show prejudice, and this Sub-Claim is denied.

With regard to Sub-Claim Five – that petitioner's counsel was ineffective for failing to "investigate, object and consult with petitioner in [a] decision to file [a] Motion to Dismiss" – the Court finds that this Sub-Claim is procedurally barred and not eligible for habeas corpus review. According to the petitioner, "the State's information [was] invalid because it was not based upon

sworn testimony from a material witness prior to its filing and execution." Petitioner first raised this claim as the seventh ground in his Rule 3.850 motion. ECF No. 23-4 at 152-53. However, the claim is not cognizable in a rule 3.850 motion. *See Logan v. State*, 1 So. 3d 1253, 1254-55 (Fla. 4th DCA 2009) ("The prosecutor's alleged failure to have received sworn testimony from witnesses before filing the information in this case is wholly speculative and cannot be raised once a defendant has entered a plea to the merits of the charge. Such a claim is not grounds for postconviction relief."). Because this finding constitutes an independent and adequate state ground for dismissal, the issue is precluded from federal habeas corpus review. Moreover, to the extent that petitioner asserts the state court erred in any decision concerning the Florida rule, "federal habeas corpus relief does not lie for errors of state law." *Lewis*, 497 U.S. at 780; *see Estelle*, 502 U.S. at 67-68. "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *accord, e.g. McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992). Accordingly, this Sub-Claim is denied.

With regard to Sub-Claim Six – that petitioner's counsel was ineffective for failing to "properly file an 'Adequate Motion for Judgment of Acquittal' in a timely manner at the close of the state's case" – the Court agrees with the Magistrate Judge and finds that this Sub-Claim is procedurally barred from federal habeas corpus review. Petitioner raised this claim as the third ground in his Rule 3.850 motion (ECF No. 23-4 at 145-46); however, the post-conviction court and the Magistrate Judge found that petitioner is essentially arguing the sufficiency of the evidence against him. To the extent that petitioner is challenging the sufficiency of the evidence, this claim was not permitted through a Rule 3.850 motion. *Betts v. State*, 792 So. 2d 589, 590 (Fla. 1st DCA 2001); *see also Johnson v. State*, 593 So. 2d 206, 208 (Fla. 1992) ("[i]ssues which

either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack"). Because the state post-conviction court denied this claim on an independent and adequate state ground, it is barred from consideration in federal habeas. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990) (concluding that state appellate court's "per curiam affirmance of the trial court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts"). Moreover, even if this Sub-Claim was properly argued as an ineffective assistance of counsel claim, "where there is no showing that a motion for judgment of acquittal had a likelihood of success, a movant has not presented a facially sufficient claim of ineffective assistance of counsel." *See Neal v. State*, 854 So.2d 666 (Fla. 2nd DCA 2002). In the instant case, there was sufficient evidence introduced during the state's case-in-chief to support all the elements of the charges against petitioner, and petitioner has presented no evidence that a motion for judgment of acquittal had any likelihood of success. Accordingly, this Sub-Claim is denied.

ORDERED AND ADJUDGED:

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Clerk is directed to enter the following judgment: "The petition for writ of habeas corpus (ECF No. 1) is denied. A certificate of appealability is denied." The Clerk is directed to close the file.

DONE AND ORDERED this *12th* day of March, 2018

_____
UNITED STATES DISTRICT JUDGE